UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CRAIG ALLEN DOWNES,

　　　　Plaintiff,

　　　　v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

　　　　Defendant.

No. 2:15-CV-00092-JTR

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF No.  15, 17.  Attorney Dana C. Madsen represents Craig Allen Downes (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 14.  After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

### JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on December 20, 2011, alleging disability since April 26, 2011, due to post-traumatic stress disorder (PTSD), depression,

anxiety, degenerative disc disease, traumatic brain injury, hallucination, nightmares, and paranoia.  Tr. 179-194, 212.   The applications were denied initially and upon reconsideration.  Tr. 116-119, 126-137.  Administrative Law Judge (ALJ) Marie Palachuk held a hearing on November 5, 2013, at which Plaintiff, represented by counsel, medical expert (ME) Richard Alan Hutson, M.D., ME Joseph Cools, Ph.D., and vocational expert (VE) Sharon Walter testified.  Tr. 29-73.  The ALJ issued an unfavorable decision on December 27, 2013.  Tr. 11-23.  The Appeals Council denied review on February 9, 2015.  Tr. 1-3.  The ALJ's December 27, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on April 3, 2015.  ECF No. 1, 3.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 29 years old at the alleged date of onset.  Tr. 188.  Plaintiff completed the twelfth grade in 2000.  Tr. 213.  Plaintiff served in the U.S. Navy and after his discharge worked as customer service representative, stocker, general laborer, letter carrier, security guard, and maintenance worker.  Tr. 47-51.  He stopped working on April 26, 2011, after being terminated because he was not able to perform the required job duties.  Tr. 212.

After applying benefits, Plaintiff completed a Function Report in which he stated he could wash the dishes, do the laundry, walk, drive, and shop.  Tr. 241-242.

Plaintiff had a CT and a MRI in August of 2013 showing a slight leftward rotation and displacement of the C1 relative to C2 and the skull base without evidence of an acute fracture.  Tr. 837, 839.  He was admitted to Veteran's Administration inpatient psychological unit in July of 2011 for 5 days.  Tr. 349-

354, 408-410, 899.  Afterwards, he attended individual and group counseling.  Tr. 370-721, 757-895.  In October of 2013, he was evaluated by John F. Arnold, Ph.D., who diagnosed him with major depression, PTSD, pain disorder with both psychological factors and a general medical condition, chronic cannabis use, rule out a cognitive disorder, and avoidant personality disorder with borderline and depressive features.  Tr. 900.  Additionally, Dr. Arnold opined Plaintiff had eight moderate, seven marked, and one severe mental functional limitations.  Tr. 901-903.

At the administrative hearing, Plaintiff described limited use of his left hand, pain in his neck, shoulders, and low back, depression, anxiety, and a history of a head injury.  Tr. 51, 59.  He stated that these impairments resulted in limited range of motion of his neck, decreased hearing, irritability, pain, tingling, and numbness in the bilateral fingers, dropping items when using the left hand, limited range of motion in the left shoulder, spasms in the low back, migraine headaches, nightmares, flashbacks, difficulty remembering, and blackouts.  Tr. 57-63.  He further testified he could do the dishes using a dishwasher and "very limited" laundry, but not the vacuuming.  Tr. 64.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402

U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097.  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform.  *Batson v. Comm'r of Soc.  Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 27, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful

activity since April 26, 2011, the alleged date of onset.  Tr. 13.

At step two, the ALJ determined Plaintiff had the following severe impairments:  degenerative disc disease of the cervical spine; carpal tunnel syndrome left greater than right; depressive disorder; PTSD; impulse control disorder; dependent personality disorder; and substance abuse, cannabis.  Tr. 13-14.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 14-16.

At step four, the ALJ assessed Plaintiff's residual function capacity (RFC) and determined he could perform a range of light work:

> [E]xcept he can occasionally bend, balance, stoop, crouch, crawl, kneel, climb ramps and stairs, but never climb ladders, ropes of [sic] scaffolds; he can frequently push and pull and reach overhead with left upper extremities; he can frequently perform actions requiring handling and feeling with bilateral hands; he should avoid frequent exposure to extreme temperatures, wetness, humidity, vibration and all exposure to hazards; he can understand, remember and carry out simple, routine and repetitive tasks; he can have brief, infrequent and superficial interaction with the public, supervisors and coworkers; he works best dealing with things rather than people; and he can tolerate no more than seldom change in work routine.

Tr. 16.  The ALJ found Plaintiff was able to perform his past relevant work as a sorter/pricer.  Tr. 23.

Thus, the ALJ determined Plaintiff was not under a disability within the meaning of the Social Security Act at any time from April 26, 2011, through the date of the ALJ's decision, December 27, 2013.  Tr. 23.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal

standards.  Plaintiff asserts the ALJ erred by (1) failing to properly consider Plaintiff's credibility, and (2) failing to properly weigh the opinion of the examining psychologist.

## DISCUSSION

### A.    Credibility

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 15 at 13-18.  The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms.  Tr. 17, 19.  The ALJ reasoned that Plaintiff was less than fully credible because his symptom reporting was contrary to (1) the objective medical evidence, (2) his activities of daily living (ADL), and (3) his conservative mental health treatment.  Tr. 19-20.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

### 1.    Contrary to the objective medical evidence

The ALJ's first reason for finding Plaintiff less than credible, that Plaintiff's symptoms were not supported by objective medical evidence, Tr. 19, is by itself, not a specific, clear, and convincing reason to undermine Plaintiff's credibility. The objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot be the sole reason the ALJ provides for rejecting Plaintiff's credibility.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ's determination that Plaintiff's symptom reports were not supported by the objective evidence is supported by the record.  The ALJ makes multiple citations to the record showing a lack of evidence to support the severity alleged:  an August 2013 CT of the cervical spine showed only a slight rotation and displacement of the C1 relative to C2, an MRI showed no significant soft tissue edema, and a November 2012 report stated Plaintiff refused to admit his cervical range of motion improved with stretching and he lay down after claiming he could not due to back pain.  Tr. 18.  Additionally, the ALJ made repeated citations to the record showing Plaintiff's mental health symptoms were not as severe as alleged: an August 4, 2011, ER trip noted his description of past traumas as "dramatic and energetic," group therapy records showed symptoms were improving, and Michael Brown, Ph.D., concluded that Plaintiff's mental health impairments were non-severe after reviewing the records.  Tr. 20.  As such, the evidence in the record supports the ALJ's determination.

While this reason on its own is not sufficient to support a credibility determination, when combined with the ALJ's third reason, it further supports the ALJ's finding that Plaintiff is less than fully credible.

## 2.    Contrary to ADLs

The ALJ's second reason for finding Plaintiff less than credible, that Plaintiff's activities cast doubt on his alleged limitations, Tr. 19, is a not specific, clear and convincing reason to undermine Plaintiff's credibility.

The ALJ noted that Plaintiff "does dishes, laundry and goes out alone; he could walk and drive an automobile.  He could shop in stores for basic hygiene, clothing and food items."  Tr. 19.  Based on these ADLs, the ALJ determined that Plaintiff "clearly and consistently performs physical activities that are well within the reduced light work level."  *Id.*

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

1   to spend a substantial part of his day engaged in pursuits involving performance of
2   physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d
3   625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).
4   "The ALJ must make 'specific findings relating to [the daily] activities' and their
5   transferability to conclude that a claimant's daily activities warrant an adverse
6   credibility determination." *Orn*, 495 F.3d at 639 (quoting *Burch v. Barnhart,* 400
7   F.3d 676, 681 (9th Cir. 2005)).

8       Here, the ALJ did not find that Plaintiff's ADLs were inconsistent with his
9   testimony, but were instead found they were transferable to a work setting.  Tr. 19.
10  While Plaintiff may be able to do housework, walk, drive, and go shopping there is
11  no evidence to support that these activities are transferable to a work setting or
12  proof that he spent a substantial part of his day engaged in transferable skills.  *See*
13  *Orn*, 495 F.3d at 639; *Fair*, 885 F.2d at 603 (one does not have to be utterly
14  incapacitated to be eligible for benefits).

15      As such, this is not a specific, clear and convincing reason supported by
16  substantial evidence to find Plaintiff less than fully credible.

17      **3.    Contrary to Conservative Treatment**

18      The ALJ found Plaintiff less than fully credible because "he has undergone
19  only conservative treatment with antidepressant medication and group therapy."
20  Tr. 20.  Conservative treatment can be "sufficient to discount a claimant's
21  testimony regarding [the] severity of an impairment." *Parra v. Astrue*, 481 F.3d
22  742, 751 (9th Cir. 2007).  Plaintiff asserts that the ALJ is expecting Plaintiff to
23  seek treatment beyond that prescribed by his doctors.  But, a review of the record
24  shows that during the relevant time period, Plaintiff was resistant to more
25  aggressive treatment, such as anti-depressants.  Tr.  701, 758, 774, 841, 881.
26  Therefore, there is substantial evidence in the record to support the ALJ's
27  determination.  As such, this is a specific, clear and convincing reason to find
28  Plaintiff less than fully credible.

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

In conclusion, the ALJ provided specific, clear and convincing reasons to support her determination that Plaintiff was less than fully credible. *See Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 115, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

## B.    Evaluation of Medical Evidence

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion of examining physician, Dr. Arnold.  ECF No. 15 at 18-20.

The ALJ gave "very little weight" to the opinion of Dr. Arnold because (1) it was not supported by the objective medical evidence, (2) it was not supported by Dr. Arnold's evaluation report, (3) it was a standardized check-the-box form, (4) it was inconsistent with Plaintiff's ADL, (5) the evaluation took place five days prior to the hearing at the request of Plaintiff's attorney, and (6) it did not relate the opinion back to the alleged date of onset. Tr. 21.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant, (2) examining physicians, who examine but do not treat the claimant, and (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830.  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn*, 495 F.3d at 631. The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons.

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

1    *Lester*, 81 F.2d at 830.  When an examining physician's opinion is contradicted by

2    another physician, the ALJ is only required to provide "specific and legitimate

3    reasons" for rejecting the opinion.  *Id*. at 830-831.  Both Plaintiff and Defendant

4    agree that the specific and legitimate standard applies in this case.  ECF No. 15 at

5    18; ECF No. 17 at 12.

6        The specific and legitimate standard can be met by the ALJ "setting out a

7    detailed and thorough summary of the facts and conflicting clinical evidence,

8    stating [her] interpretation thereof, and making findings." *Magallanes v. Brown*,

9    881 F.2d 747, 751 (9th Cir. 1989).  The ALJ cannot just offer her conclusions; she

10   must set forth her own interpretations and explain why they, rather than the

11   doctors', are correct.  *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

12       First, the ALJ found that Dr. Arnold's opinion was inconsistent with the

13   medical record as a whole because "the significant or marked degree of limitation

14   [Dr. Arnold] opined are not reflected elsewhere in the medical record."  Tr. 21.

15   Inconsistency with the majority of objective evidence is a specific and legitimate

16   reason for rejecting a physician's opinions.  *Batson*, 359 F.3d at 1196.  In

17   challenging this finding, Plaintiff asserts that the ALJ ignored the medical evidence

18   that actually supports Dr. Arnold's decision.  ECF No. 15 at 19.

19       There is evidence to support the ALJ's determination, and the Court is not

20   permitted to insert its own resolution of conflicting evidence in place of the ALJ's

21   judgment.  *See Sprague*, 812 F.2d at 1229-1230.  Here, the ALJ set forth a

22   summary of the medical evidence along with a summary of Dr. Arnold's

23   evaluation and subsequent opinion.  Tr. 16-21.  In her decision, the ALJ considered

24   evaluation notes showing Plaintiff's symptoms were improving as well as the

25   opinions of Michael Brown, Ph.D., who concluded Plaintiff's impairments were

26   not severe, and Joseph Cools, Ph.D., who recognized some limitations but at a

27   much lower severity.  Tr. 20, 22.  Therefore, the ALJ's finding that the significant

28   or marked degree of limitation that Dr. Arnold opined is not reflected in the record

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

is supported by substantial evidence and meets the specific and legitimate standard.

Second, the ALJ found that Dr. Arnold's "findings of marked and severe limitations are unsupported and contradicted by other findings in Dr. Arnold's own report, which reflect neuropsychological test findings that are mostly within normal limitations range, while no objective medical findings support the determination that the claimant suffers from marked or severe limitations." Tr. 21. In rejecting a doctor's opinion, an ALJ may cite internal inconsistencies in evaluating a doctor's report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff asserts that the ALJ failed to realize that the MCMI-III profile in Dr. Arnold's evaluation "strongly suggests major depression and anxiety, in the form of PTSD." ECF No. 15 at 19. The ALJ did not take issue with Dr. Arnold's diagnosis, she agreed Plaintiff suffered from depression and PTSD at step two. Tr. 13. Instead, the ALJ disagreed with the severity of limitations opined by Dr. Arnold. Tr. 21. Therefore, Plaintiff's assertion is misplaced. Additionally, the ALJ's finding is supported by the record. The Mental Status Exam showed a depressed/anxious mood, a marginal short term memory, and similarities considered fair, but otherwise everything was normal. Tr. 899. The MCMI-III summary suggested diagnoses, but did not speak to severity of resulting limitations. Tr. 900. Therefore, the ALJ's determination is supported by substantial evidence and meets the specific and legitimate standard.

Third, the ALJ found that "Dr. Arnold's findings appear in standardized check-the-box form." Tr. 21. The Ninth Circuit has expressed a preference for individualized medical opinions over check-the-box reports. *See Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). Here, the ALJ has already determined that there were inconsistencies between Dr. Arnold's report and his opinion contained in the check-the-box form. *See supra*. As such, this reason meets the specific and legitimate standard.

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

Fourth, the ALJ found that Plaintiff's daily activities, as reported to Dr. Arnold, were inconsistent with Dr. Arnold's opinion of marked or severe limitations. Tr. 21. A claimant's ADLs "may be seen as inconsistent with the presence of a condition which would preclude all work activity," and is, therefore, an acceptable reason to reject a physician's opinion. *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1991). Dr. Arnold, summarized Plaintiff's ADL as follows:

> Mr. Downes said he was living with his parents, after moving out of his mother-in-laws [sic] home. He attends to his personal hygiene and attire independently. He pointed out it takes him longer to do basic household chores, with considerable physical pain. He will commonly do some dishes, and the laundry. He drives, but tends to isolate and not grocery shop.

Tr. 899. As addressed above, there is no evidence to support that the activities of attending to personal hygiene, completing household chores, and driving are transferable to a work setting or that Plaintiff has spent a substantial part of his day engaged in transferable skills. *See Orn*, 495 F.3d at 639; *Fair*, 885 F.2d at 603. Therefore, the ALJ's finding, that Plaintiff's ability to attend to personal hygiene, complete household chores, and drive, is inconsistent with Dr. Arnold's opinion of severe and marked limitations on a mental medical source statement fails to meet the specific and legitimate standard.

Fifth, the ALJ found that "Dr. Arnold saw the claimant for the first time just five days prior to the hearing, at the request of the claimant's attorney as a [prep] for the hearing." Tr. 21. This is not a specific and legitimate reason to reject the opinion. See *Reddick v. Chater,* 157 F.3d 715, 726 (9th Cir. 1998) ("in the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it"); *Burkhart v. Bowen*, 856 F.2d 1335, 1339 (9th Cir. 1988) (the source of referral was found to be relevant where there was no objective medical basis for the opinion); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (the source of the referral was

found to be relevant where the ALJ found "actual improprieties" to question the credibility of the medical report). Here, the ALJ did not conclude that there was no objective medical basis for the opinion as she concluded he had severe depression and PTSD at step two. Instead, the ALJ found the objective evidence was inconsistent with the degree of limitation opined by Dr. Arnold. Additionally, the ALJ did not find any "actual improprieties," therefore, this is not a specific and legitimate reason to reject Dr. Arnold's opinion.

Sixth, the ALJ found that "Dr. Arnold did not relate his opinion back to the alleged onset date of April 26, 2011, which is over two years prior to the hearing." Tr. 21. While the Court acknowledges that Dr. Arnold failed to state what period the assessment covered, Tr. 901, the ALJ failed to address why this affects the weight given to Dr. Arnold's opinion for the date it was rendered. Therefore, it does not meet the specific and legitimate standard.

Any error that resulted from the fourth, fifth, and sixth reasons for giving "very little weight" to Dr. Arnold's opinion is harmless because the first three reasons are sufficient to support the conclusion. *See Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination"). Therefore, the ALJ provided adequate specific and legitimate reasons to support the weight provided to Dr. Arnold's opinion.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**. The District Court Executive is directed to file this Order and provide a copy

1  to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant**

2  and the file shall be **CLOSED**.

3      DATED January 25, 2016.

4



5      _____

6              JOHN T. RODGERS
        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION . . . - 14